13428

CROOK *ET AL.* v. HALLETT

(164 S. E., 641)

*Messrs. L. K. Jennings, T. H. Munro* and *J. D. Kerr,* for appellant,

*Messrs. Lyles & Daniel,* for respondent,

June 14, 1932.

The opinion of the Court was delivered by Mr. Justice Carter.

This case, commenced in the Court of Common Pleas for Spartanburg County, March, 1930, was, by consent of the parties litigant, transferred for trial to the County Court of said county. The plaintiffs, who are real estate brokers, instituted the suit against the defendant for recovery of commissions in the sum of $750.00, claimed to be due them by the defendant in the sale of a certain lot of land of the defendant located in the Town of Spartanburg in said county, alleging that they were the efficient procuring cause of the said sale. The action was brought upon a *quantum meruit.* Issues being joined, the case was tried in the said County Court before Hon. Miller C. Foster, Judge of said Court, and a jury, March 17, 1931, resulting in a verdict for the plaintiff in the sum of $625.00. From the judgment entered on the verdict, the defendant has appealed to this Court.

The pertinent facts in the case, according to the plaintiffs' contentions and as set forth in the allegations of the complaint, in addition to the above statements, briefly stated, are as follows:

In November, 1929 (the exact date not being stated), pursuant to an understanding and agreement with the defendant, the plaintiff approached L. A. Odom, Esq., of Spartanburg, S. C., and presented to and urged upon him the merits and advantages of the lot of land above mentioned for the purpose of convincing him that the said lot was especially useful for his tire and battery business. That at that time Mr. Odom manifested an interest in the property and as a result of the several conferences between the plaintiffs and Mr. Odom regarding the property Mr. Odom made several offers through the plaintiffs to lease a building on said lot to be erected by the defendant. That later Mr. Odom submitted an offer to purchase the lot for the sum of $27,-500.00 to be paid in ten yearly installments with interest at the rate of 6 per cent. payable monthly, and also, in addition, to convey to the defendant a good and marketable title to two lots with buildings thereon, owned by the said Mr. Odom, situated in the said City of Spartanburg, which were reasonably worth the sum of $6,000.00. This offer the defendant refused. That later, on about the 22nd day of November, 1929, through the solicitation of the plaintiffs and due directly to their efforts, the defendant and the said L. A. Odom entered into an agreement, in writing, whereby Mr. Odom, for the sum of $250.00 paid by Mr. Odom, purchased of the defendant an option for 60 days to buy the said property at and for the price of $33,000.00. That at the expiration of said option the defendant invited the plaintiffs to come to his home whereby he stated that he was anxious to dispose of the property, and it was agreed between the parties that the defendant could offer the property for sale to any prospective purchaser except the said L. A. Odom, who was the plaintiffs' prospect. That within a few days thereafter, without any notice whatsoever to the plaintiffs and in violation of the aforesaid agreement, the defendant sold the said lot through another real estate broker to the said L. A. Odom, for the sum of $25,000.00, of which sum

$5,000.00 was paid in cash and notes were executed for the balance, secured by mortgage of the property in question, payable in ten years with interest at 6 per cent. per annum, payable monthly. The plaintiffs also allege that in this sale to Mr. Odom the defendant agreed to waive priority of his mortgage in favor of any person who would lend to Mr. Odom sufficient money with which to erect buildings on the said property suitable for the business in which Mr. Odom was engaged, to wit, tire and battery business. In addition, plaintiffs further set forth in their complaint that the price for which the defendant conveyed the lot in question to Mr. Odom was more advantageous to the purchaser than the plaintiffs had been permitted to offer, and was in violation of his duty to the plaintiffs. Plaintiffs further allege that their efforts "were the procuring cause of the sale to the said Odom, and by reason thereof they (the plaintiffs) are entitled to the commissions customarily prevailing and allowed in such cases, to wit, 5 per cent. on the first five thousand dollars and two and one-half per cent. on the excess thereof, amounting to the sum of $750.00."

The defendant, in his answer, admitted owning the lot of land in question, and further admitted that he executed to Mr. Odom the option referred to in the complaint, and that at the expiration of the period of time stated in the option he sold to Mr. Odom, through another dealer, the said lot of land. Defendant denied all other material allegations of the complaint.

In support of his appeal, appellant presents five exceptions. Under the first exception, error is imputed to the trial Judge in "admitting testimony as to the price at which the property in question was sold to Joseph Habel."

The theory of the plaintiffs' case is that they were employed by defendant to procure a sale of the lot of land in question, and that the work they did accomplished that purpose. There was a signed instrument by defendant, giving to Mr. Odom an option for a period of 60

days to purchase the lot, but there was no written instrument showing the alleged agreement between the plaintiffs and the defendant. Therefore, to establish such allegation, which allegation was denied by defendant, it was competent to introduce parol testimony. In this connection, testimony tending to show why the defendant sought the plaintiffs, or at least one of the plaintiffs, to help him get a sale for the property, was introduced. Baer, one of the plaintiffs, had, several years before, sold for the defendant the lot in question to a man by the name of Joseph Habel, and the inference may be drawn from what was brought out at the trial that said matter was handled to the satisfaction of the defendant, and the inference may further be drawn that the defendant sought Mr. Baer to assist him in the transaction involved in this suit, which might reasonably be expected. Testimony as to the price the lot was sold for by Baer to Habel was competent for the purpose of showing why the defendant would desire to employ Baer again, if for no other reason. Having handled the first sale to the defendant's satisfaction, it is natural to suppose the defendant would desire his services at this time. In this connection we call attention to the fact that in the course of his testimony the defendant stated the amount he paid Baer for his services in the former transaction. This statement by defendant was made when his counsel asked him if there was anything further he wished to state. As we view it, all of this testimony had a direct bearing on the transaction tending to establish plaintiffs' allegation that the defendant employed the plaintiffs for the purpose named in their complaint. This exception must therefore be overruled.

In appellants' second exception error is alleged in the admission of testimony regarding the conversations and negotiations between the plaintiffs, as agents of the defendant, and Mr. Odom, upon the ground that the same were merged in the written option contract executed by the defendant and Mr. Odom.

This exception must be overruled for the reason that, so far as the record discloses, there was no objection interposed to the introduction of any material part of the testimony now complained of by appellant, and, in our opinion, the portion admitted in evidence, over the objection of defendant's counsel, was not prejudicial.

The remaining exceptions impute error to the trial Judge in refusing to grant defendant's motions for a nonsuit, direction of a verdict, and also overruling his motion for a new trial.

In overruling the exceptions raising these questions, we deem it sufficient to state, after a careful study of the entire record of the case, that it is our opinion that the trial Judge committed no error in refusing to grant these motions. As we view the case, when the entire record is considered, the testimony adduced at the trial is susceptible of the inference the jury drew therefrom, in finding, as the verdict clearly indicates, that the plaintiffs were the procuring cause of the sale of the lot in question to Mr. Odom, and that the plaintiffs did this work with the knowledge, consent and approval of the defendant.

While we have not discussed herein every question suggested by appellant's counsel, we have duly considered the same, and, after due consideration, we are of the opinion that all of the exceptions must be overruled.

It is therefore the judgment of this Court that the judgment of the lower Court be and is hereby affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Bonham concur.